**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERELL GRAY,<br><br>        **Plaintiff,**<br><br>    v.<br><br>APPLE INCORPORATED, et al.,<br><br>        **Defendants.** | No. 13–cv–7798 (KM) (MAH)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion (ECF No. 46) of defendant Apple Incorporated to dismiss the Amended Complaint ("AC", ECF No. 4) for lack of personal jurisdiction and failure to state a claim or, in the alternative, to transfer venue to the Northern District of California, pursuant to 28 U.S.C. § 1404. Because Mr. Gray has failed to meet his burden of establishing personal jurisdiction, and because everything significant about this case arises from an altercation between the plaintiff, Mr. Gray, and the employees of an Apple store in Berkeley, California, the action will be dismissed and venue will be transferred.[1]

### I.    The Amended Complaint

The plaintiff, Terell Gray, is a resident of Essex County, New Jersey. (AC ¶ 1) He is African-American, a fact of relevance to his claims. Apple, Inc. is a

---

[1]    Apple originally moved to dismiss in May 2014. Thereafter, Mr. Gray's counsel withdrew, and considerable delay ensued. Eventually, the Court issued an order to show cause why the action should not be dismissed for want of prosecution. In November 2015, plaintiff secured substitute counsel, and the court instructed Apple to refile its motion.

California corporation with its principal place of business at Cupertino, California. Apple operates approximately 500 retail stores in many states, including California and New Jersey. (AC ¶ 2) Defendants Kelley Dorgan and Greg Hopson (who have not been served) are employees or managers of the Apple Store in Berkeley, California. (AC ¶¶ 4, 5) Berkeley is a city in California; defendant Timothy Kaplan is a police officer of the Berkeley Police Department. (AC ¶¶ 6, 7) Subject matter jurisdiction is premised on diversity of citizenship and an amount in controversy in excess of $75,000. (AC ¶¶ 11, 12) *See* 28 U.S.C. § 1332. I note, however, that the complaint also asserts federal civil rights claims, giving rise to federal question jurisdiction. *See* 28 U.S.C. § 1331 (federal question subject matter jurisdiction).

The complaint alleges that in December, 2012, Mr. Gray bought an Apple MacBook computer at Best Buy. It arrived, he alleges, with a cracked screen. He telephoned his complaint to Apple and received a case number. On December 31, 2012, he went to the Apple store in Berkeley, California to return or exchange the computer. (AC ¶¶ 18–22)

He approached an employee and sought to return the computer; the employee refused. The implication is that the employee concluded or assumed that the computer was stolen. Two police officers approached. They asked the Apple employee if he wished for Mr. Gray to leave, and the employee said yes. Mr. Gray was escorted from the store and handcuffed. He was taken to John George Hospital, a psychiatric institution, and later released. The complaint alleges on information and belief that a white customer returned a computer to the store at about the same time, without incident. (AC ¶¶ 24 –39)

Upon his release from the hospital, on January 1, 2013, Mr. Gray returned to the Apple store. The police were called again, based on the belief that the computer was stolen. Mr. Gray was held for several days, and then transferred again to John George Hospital for over two weeks. On his release, he decided to travel to New Jersey. There, he followed up with physicians and was committed to Trenton Psychiatric Hospital for two months. (AC ¶¶ 40–45)

In New Jersey, an unnamed woman successfully exchanged the same MacBook computer at an Apple store. (AC ¶ 46)

The complaint alleges claims of discrimination under 42 U.S.C. § 1983, 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1985(3), and the California Human Rights Law, as well as tort claims of false imprisonment, assault and battery, negligent hiring, training and supervision, and intentional infliction of emotional distress.[2]

## II.   Discussion

### A.   Personal jurisdiction

Once a defendant files a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing sufficient facts to show that jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2001). Absent discovery and an evidentiary hearing, a court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff, *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002); *see also Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir. 2004) (plaintiff "need only establish a prima facie case of personal jurisdiction").[3] Here, because I resolve this issue without discovery or an evidentiary hearing, I construe the allegations and facts proffered in the light most favorable to the plaintiff.

---

[2] Plaintiff acknowledges that Counts 1, 5, 6, and 7 (§ 1983, California Human Rights Law, false imprisonment, assault and battery) are not directed at Apple, but at the Berkeley police, and consents to their dismissal as against Apple. (Pl. Brf., ECF no. 48 at 6)

[3] Once a Rule 12(b)(2) motion to dismiss has been made, the court must examine any evidence presented with regard to disputed factual allegations. *See, e.g., Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155-56 (3d Cir. 2010) (examining the evidence supporting the plaintiff's allegations). "Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

> Nevertheless, "the plaintiff bears the burden of showing the basis for jurisdiction," *Graphics Props. Holdings, Inc. v. ASUS Computer Int'l*, 70 F. Supp. 3d 654, 659, No. 13–864, 2014 WL 4949589, at *2 (D. Del. Sept. 29, 2014), and must establish "with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (E) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992).

*Otsuka Pharmaceutical Co. v. Mylan Inc.,* 106 F. Supp. 3d 456, 461–62 (D.N.J. 2015).

To assess whether it has personal jurisdiction over a defendant, a district court must undertake a two-step inquiry. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 259 (3d Cir. 1998). First, the court is required to use the relevant state's long-arm statute to see whether it permits the exercise of personal jurisdiction. *Id.*; Fed. R. Civ. P. 4(k). "Second, the court must apply the principles of due process" under the federal Constitution. *WorldScape, Inc. v. Sails Capital Mgmt.*, Civ. 10-4207, 2011 WL 3444218 (D.N.J. Aug. 5, 2011) (citing *IMO Indus.*, 155 F.3d at 259). In New Jersey, the first step collapses into the second because "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales*, 384 F.3d at 96 (citing N.J. Ct. R. 4:4-4(c)). Accordingly, personal jurisdiction over a non-resident defendant is proper in this Court if the defendant has "'certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 316 (1945)).

There are two kinds of personal jurisdiction that allow a district court to hear a case involving a non-resident defendant: specific and general. *See Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414-415 & n. 9, 104 S. Ct. 1868 (1984). Specific jurisdiction arises from the acts that give rise to the particular claim asserted; general jurisdiction exposes the defendant to jurisdiction for any and all claims.

Specific jurisdiction relies on the defendant's forum-related activities that give rise to the plaintiff's claims. *See Helicopteros*, 466 U.S. at 413-14. Establishing specific jurisdiction requires a three-part inquiry: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.,* 496 F.3d 312, 317 (3d Cir. 2007). Plaintiff does not argue that the court possesses specific jurisdiction, and the issue may be disposed of quickly. The refusal to exchange the computer and the detention of the plaintiff took place at the Apple store in Berkeley, California. Every allegedly wrongful act by Apple and its employees took place in California. No allegedly wrongful act took place in New Jersey.

What Mr. Gray is claiming is that this court possesses general jurisdiction over Apple because of its nationwide business activities.[4] To support general jurisdiction, the defendant's "contacts [with the forum state] need not relate to the subject matter of the litigation," *Ameripay, LLC v. Ameripay Payroll, Ltd.,* 334 F. Supp. 2d 629, 633 (D.N.J. 2004), but must rise to "a 'very high threshold of business activity,'" *id.* at 633 (quoting *Compagnie des Bauxites de Guinea v. Ins. Co. of N. America,* 651 F.2d 877, 891 (3d Cir. 1981)).

Just how high was recently established by the U.S. Supreme Court in the watershed case of *Daimler AG v. Bauman,* ___ U.S. ___, 134 S. Ct. 746 (2014). *Daimler* held that it is not sufficient that corporate defendants be engaged in a "substantial, continuous, and systematic course of business" in the forum state. That formulation, said the Court, "is unacceptably grasping." *Id.* at 761.

---

[4]     The relevant point of plaintiff's brief, Point VI, is entitled "Defendant's Motion to Dismiss the Complaint for Lack of Personal Juridiction Must be Denied as General Jurisdiction is Found". (Pl. Br., ECF no. 50 at 16)

Rather, the court must determine "whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. __, 131 S. Ct. 2846, 2851 (2011)). For a corporation, what does "at home" mean? *Daimler* "d[id] not foreclose the possibility that in an exceptional case ... a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 761 n.19. The clear implication of is that, except perhaps in an "exceptional case," a corporation will be deemed to be "at home" only in its state of incorporation and its principal place of business. These "paradigm," "easily ascertainable" forums "afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Id.* at 760. Courts within this district, interpreting *Daimler,* have agreed. *Display Works, LLC v. Bartley,* __ F. Supp. 3d __, No. CV 16-583, 2016 WL 1644451, at *3–4 (D.N.J. Apr. 25, 2016); *Otsuka,* 106 F. Supp. 3d at 464–65.

Plaintiff proffers that Apple has 12 stores in New Jersey, that it ships its products here, and that its sales to New Jersey customers amount to $182.8 billion, according to a 2015 press release. (ECF no. 50 at 17)[5] If these contacts mean that Apple is subject to jurisdiction here, then it probably would be subject to jurisdiction everywhere. The only contact between this case and New Jersey is that the plaintiff, following the California events giving rise to the action, traveled back to New Jersey and sued here. The plaintiff has not set forth sufficient facts to indicate that Apple is "at home" in New Jersey or "exceptional" indications that it should reasonably expect to be haled into a

---

[5]     Plaintiff also cites two cases in which Apple has been sued in the District of New Jersey. However persuasive as evidence of "contacts," these do not constitute precedent for the assertion of general jurisdiction. As Apple points out, both were patent cases in which the infringement occurred in New Jersey, so they do not support general jurisdiction. (Def. Reply Brf., ECF no. 51 at 9)

New Jersey court (especially with respect to the on-site conduct of its store employees in California). In my view, these business contacts, although obviously substantial, continuous, and systematic, do not displace the paradigm, default rule of *Daimler.*

Apple's motion to dismiss for lack of personal jurisdiction is therefore granted. The matter, however, is not free from doubt. Although plaintiff does not say so in so many words, I cannot ignore that, measured by market capitalization, Apple is the largest publicly traded corporation in the world, and that its national, not to say global, presence is pervasive.[6] I therefore consider in the alternative the transfer of venue to the Northern District of California.

**B.    Transfer of Venue**

The venue analysis gets me to much the same place. First, I optionally transfer venue from this district, which does not have personal jurisdiction, to the Northern District of California, which indisputably does. Second, I find that venue in this district is improper, and transfer the case on that basis. And third, I grant Apple's motion for a discretionary transfer of venue.

**1.   Transfer based on lack of personal jurisdiction**

First, "[a] court without personal jurisdiction over the defendants or venue over a case has the option of dismissing the action or transferring the case to another district pursuant to 28 U.S.C. § 1406(a)." *China Am. Co-op. Auto., Inc. v. Estrada Rivera Enterprises Corp.*, No. 07-5156, 2008 WL 305744 (D.N.J. Jan. 28, 2008) (citing *Goldlawr v. Heiman,* 369 U.S. 463 (1962)).

Because the withdrawal of plaintiff's counsel has caused significant delay, which I do not wish to compound, I will transfer venue to minimize the time lag of refiling and starting over in the proper forum. Should the plaintiff decline to prosecute the case in California, dismissal is easily accomplished, but he will have had his chance.

———————————

[6] *See* FT 500, www.ft.com/cms/s/2/1fda5794-169f-11e5-b07f-00144feabdc0.html#axzz4GHZ5JOvN.

## 2.     Transfer based on improper venue

Second, and in the alternative, I find *sua sponte* that venue is improper in this district, and transfer for that additional reason.

28 U.S.C. § 1391(b) instructs that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Alternatives (1) and (3) appear to have no application here. I consider, however, whether New Jersey is "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.*

The Third Circuit has repeatedly held that "in determining whether a substantial part of the events or omissions giving rise to a cause of action occurred in a specific jurisdiction, '[t]he test . . . is not the defendant's contacts' with a particular district, but rather the location of those events or omissions giving rise to the claim." *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012) (not precedential; quoting *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)). "'[I]n assessing whether events or omissions giving rise to the [plaintiff's] claims are substantial, it is necessary to look at the nature of the dispute.'" *Id.* (quoting *Cottman*, 36 F.3d at 295). The Third Circuit has "observed that the venue provision 'favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be substantial,' and that '[s]ubstantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.* (quoting *Cottman*, 36 F.3d at 294 and citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979)).

8

Of course, a substantial part of the events in suit may have occurred in more than one district. The test still requires, however, that the New Jersey events or omissions have been "substantial." "Events or omissions that might only have some tangential connection with the dispute in litigation are not enough. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).

Surveying a handful of cases decided by sister circuits, *Cottman* concluded:

> The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those "events or omissions giving rise to the claim," theoretically a more easily demonstrable circumstance than where a "claim arose." Although the statute no longer requires a court to select the "best" forum, the weighing of "substantial" may at times seem to take on that flavor.

*Id. Accord Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012). In addition, the Third Circuit instructed that when "assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." *Cottman Transmission Sys.*, 36 F.3d at 295. See *also Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) ("for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere").

Here, the venue test is not met. All of the events occurred in and around the Apple store in Berkeley, California. They did not involve anything remotely connected to New Jersey, did not arise from any sale of a product in New Jersey, and did not involve Apple's New Jersey operations in any way. The only connection between New Jersey and the events of the case is that, after the events in suit occurred in California, Mr. Gray traveled back to New Jersey and sued Apple here.

9

Mr. Gray alleges that, sometime after he returned to New Jersey, an unidentified person successfully returned the MacBook to an Apple store in New Jersey. That incident may furnish an instructive comparison, but it is no part of the events giving rise to his claim.

Venue is improper here. For the reasons stated above, I opt not to dismiss but to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1406(a).

### 3.   Transfer for convenience of parties and witnesses

Finally, Apple moves to transfer venue under 28 U.S.C. § 1404(a). As a third alternative, I would grant that motion as well.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a ... court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007). A court may make a discretionary Section 1404(a) determination, however, without first establishing personal jurisdiction. *See Lafferty*, 495 F.3d at 80 (citing the holding in *United States v. Berkowitz*, 328 F.2d 358 (3d Cir. 1964) "that a § 1404(a) transfer was available even though there was no personal jurisdiction.").

The Third Circuit, as well as courts within this Circuit considering motions for permissive transfer, have been guided by a number of non-exclusive public and private interest factors:

> The private interests have included: plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

> The public interests have included: the enforceability of the
> judgment; practical considerations that could make the trial easy,
> expeditious, or inexpensive; the relative administrative difficulty in
> the two fora resulting from court congestion, the local interest in
> deciding local controversies at home; the public policies of the fora,
> and the familiarity of the trial judge with the applicable state law in
> diversity cases.

*Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879–80 (3d Cir.1995) (internal
citations omitted).

There is no dispute that venue would be proper in the Northern District
of California under 28 U.S.C. § 1391(b)(1), (2), or (3), and that that court, no
less than this, would possess subject matter jurisdiction under 28 U.S.C. §§
1331 and 1332. The plaintiff's choice of forum is New Jersey, but that arises
solely from the happenstance that he moved back here after the events in suit.
All, or virtually all, of the relevant facts concern events that occurred in
Berkeley, California. Defendant's choice of forum is therefore not arbitrary, but
is entitled to some weight. The defendants—including store employees, and the
police, who apparently have not even been served—are all located in California.
The fact witnesses, or substantially all of them, are in California and subject to
subpoena there. So, for what it is worth, are the documents (although modern
communications have dissipated the significance of this factor). The law
applicable to the tort claims will surely be California law, and California has a
substantial interest in adjudicating this local event, involving a business and
the conduct of a police department. On the other side is the obvious
inconvenience to plaintiff (although that arose from his decision to move back
to New Jersey before filing), and the extremely disparate financial resources of
the parties. The public factor relating to expeditiousness and the enforceability
of judgment also points to transfer: I refer to the fact that *in personam* is, at the
very least, debatable. *See Schwilm v. Holbrook,* 661 F.2d 12, 16 (3d Cir.1981)).
Other factors seem neutral.

All in all, the discretionary factors establish that the Northern District of
California is a far more convenient venue than the District of New Jersey for

litigation of this action. Pursuant to 28 U.S.C. § 1404(a), Apple's motion to transfer venue is granted.

## III.   Conclusion

Apple's motion is **GRANTED** and venue is transferred to the Northern District of California pursuant to 28 U.S.C. §§ 1404 and 1406.

Dated: August 3, 2016

_____
**Hon. Kevin McNulty**
**United States District Judge**

12